STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GREGORY DRIESSEN, Defendant-Appellant
No. 28894
Intermediate Court of Appeals of Hawaii
March 31, 2009.
On the briefs:
Linda C.R. Jameson, for Defendant-Appellant.
Jay T. Kimura, Prosecuting Attorney, Jefferson R. Malate, Deputy Prosecuting Attorney, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and LEONARD, JJ.
Defendant-Appellant Gregory Driessen (Driessen) appeals from the Judgment of Conviction and Sentence for the offense of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711 (1993), entered on November 19, 2007 by the Circuit Court of the Third Circuit (Circuit Court).[1]
On appeal, Driessen raises the following points of error:
(1) the Deputy Prosecuting Attorney (DPA) asked two prejudicial questions constituting prosecutorial misconduct, which warranted a new trial; and
(2) the Circuit Court erred when it declined to give a jury instruction on the lesser included offense of Assault in the Third Degree.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the issues raised by Driessen as follows:
(1) In this case, Driessen argues that the DPA's two questions during cross-examination, concerning violent past acts and alcohol consumption, constituted prosecutorial misconduct because they were highly prejudicial. At the hearing on a defense motion in limine, the Circuit Court precluded the State from proffering evidence of Driessen's possible propensity for violence and prior criminal record, unless the DPA first disclosed an intent to use such evidence before presenting it and the Circuit Court permitted the admission of the evidence. The Circuit Court also precluded the State from proffering evidence of Driessen possibly drinking on the night in question, unless the State could provide an adequate offer of proof at some point during the trial.
"Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Mars, 116 Hawai'i 125, 133, 170 P.3d 861, 869 (App. 2007) (citations and internal quotation marks omitted). In making such a determination, we consider the following factors: (1) the nature of the conduct; (2) the promptness of a curative instruction; and (3) the strength or weakness of the evidence against the defendant. State v. Klinge, 92 Hawai'i 577, 590, 994 P.2d 509, 522 (2000). "Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial." Mars, 116 Hawai'i at 133, 170 P.3d at 869 (internal quotation marks omitted) (quoting State v. McGriff, 76 Hawai'i 148, 158, 871 P.2d 782, 792 (1994)).
In this case, even if the DPA's questions constituted prosecutorial misconduct, in light of the entire proceeding and the Klinge factors, we conclude that the errors were harmless beyond a reasonable doubt. No answers were elicited from Driessen, the DPA withdrew the questions, and the Circuit Court immediately instructed the jury to disregard the two questions and to not draw any adverse inferences from them. Generally, the Hawai'i Supreme Court considers "a curative instruction sufficient to cure prosecutorial misconduct because it presumes that the jury heeds the court's instruction to disregard improper prosecution comments." State v. Mainaaupo, 117 Hawai'i 235, 255, 178 P.3d 1, 21 (2008) (citation, internal quotation marks, and brackets omitted). In addition, the State's evidence overwhelmingly weighed against Driessen. HRS § 707-711 (1) provides, in relevant part, that a person commits the offense of assault in the second degree if:
(a) The person intentionally or knowingly causes substantial bodily injury to another;[2]
(b) The person recklessly causes serious bodily injury to another person [. ][3]
Driessen himself testified that he punched Casey Cloyd (Cloyd) several times on Cloyd's left side until Cloyd dropped the purported weapon. Driessen claimed that he believed that Cloyd was grabbing a gun, but Cloyd testified that he grabbed a paddle, which was leaning against the wall next to his bed and close to the doorway. Driessen testified that he realized the paddle was not a gun when Cloyd dropped it to the floor. Driessen did not claim that Cloyd fought back, and Cloyd testified that he was on the floor and could not do anything while Driessen repeatedly punched him in the back and ribs. According to Dr. Karl Kirby, Cloyd suffered multiple injuries to his ribs, back, and lungs, including multiple rib fractures on the left side of his chest and a fracture of a part of his vertebrae. Based on the evidence presented, the State's evidence against Driessen was not weak. For these reasons, the DPA's errors were harmless beyond a reasonable doubt. See Mars, 116 Hawai'i at 133, 170 P. 3d at 869; Klinge, 92 Hawai'i at 590, 994 P.2d at 522.
(2) Driessen contends that the evidence presented at trial showed Driessen had a reckless state of mind, and therefore, warranted a jury instruction on the lesser included offense of Assault in the Third Degree. Driessen argues that he did not intentionally cause Cloyd serious bodily injury, but rather, recklessly struck Cloyd to make Cloyd drop the alleged gun and caused only bodily injury versus serious bodily injury.[4]
In State v. Haanio, the Hawai'i Supreme Court held that "trial courts must instruct juries as to any included offenses when `there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense [.]'" 94 Hawai'i 4 05, 413, 16 P.3d 246, 254 (2001) (quoting HRS § 701-109(5) (1993)). HRS § 701-109(5) provides: "The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."
The evidence presented at Driessen's trial arguably provided a rational basis for convicting Driessen on the lesser included offense. However, a trial court's error in failing to give appropriate included offense instructions "is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions." Haanio, 94 Hawai'i at 415, 16 P.3d at 256. Here, the jury convicted Driessen of the charged offense of Assault in the Second Degree. Thus, the omission of the requested instruction was harmless error and reversal is not warranted.
We affirm the Circuit Court's November 19, 2007 Judgment of Conviction and Sentence.
NOTES
[1] The Honorable Greg K. Nakamura presided.
[2] At the time Driessen allegedly committed the offense he was charged with, HRS § 707-700 (Supp. 2003) defined "substantial bodily injury as follows:

"Substantial bodily injury" means" bodily injury which causes:
(1) A major avulsion, laceration or penetration of the skin;
(2) A burn of at least second degree severity;
(3) A bone fracture;
(4) A serious concussion; or
(5) A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.
[3] At the time Driessen allegedly committed the offense he was charged with, HRS § 707-700 (1993) defined "serious bodily injury" as follows:

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
[4] A person commits the offense of assault in the third degree if the person, "[i]ntentionally, knowingly, or recklessly causes bodily injury to another person[.] " HRS § 707-712(1) (a) (1993). "Bodily injury" means physical pain, illness, or any impairment of physical condition. HRS § 707-700 (1993).